# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND ) <br> INDUSTRIAL HEALTH AND WELFARE FUND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APROPOS LANDSCAPING, INC., ) <br> ) <br> Defendant, ) | Case No.   25-3183 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Apropos Landscaping, Inc. (Apropos), by and through its attorneys, Allocco Miller & Cahill, P.C., answers Plaintiff's Complaint as follows:

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified as 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 et seq. ("LMRA").

**ANSWER:** Defendant admits to the allegations in Paragraph 1.

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. *See* 29 U.S.C. §1132.

**ANSWER:** Defendant admits to the allegations in Paragraph 2.

3. Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

**ANSWER:** Defendant admits to the allegations in Paragraph 3.

4.  The address and place of administration/business of Plaintiff is 2725 West Monroe Street, Springfield, IL 62704.

**ANSWER:** Defendant admits to the allegations in Paragraph 4.

5.  Plaintiff is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a trust agreement. A copy of the pertinent provisions of the trust agreement for Plaintiff is attached hereto as **Exhibit A** and fully incorporated herein and made a part hereof by this reference.

**ANSWER:** Defendant admits to the allegations in Paragraph 5.

6.  Plaintiff receives contributions from numerous employers, and therefore, is a multiemployer plan. *See* 29 U.S.C. §1002.

**ANSWER:** Defendant admits to the allegations in Paragraph 6.

7.  Defendant Apropos Landscaping is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.

**ANSWER:** Defendant admits to the allegations in Paragraph 7.

8.  As of November 1, 2015, Defendant became bound to the Landscape Contractors Labor Agreement pursuant to the Landscaping Memorandum of Agreement. A copy of the Landscaping Memorandum of Agreement is attached hereto as **Exhibit B** and fully incorporated herein and made a part hereof by this reference.

**ANSWER:** Defendant admits to the allegations in Paragraph 8.

9.  Pursuant to the Landscaping Memorandum of Agreement, Defendant adopted and agreed to be bound to the Master Agreement, commonly referred to as the Landscape Construction Labor Agreement. A copy of the applicable Master Agreement in effect when the Defendant signed the Landscaping Memorandum of Agreement is attached hereto and

incorporated herein as **Exhibit C**.

  **ANSWER:** Defendant admits to the allegations in Paragraph 9.

10. Pursuant to the Landscaping Memorandum of Agreement, Defendant also agreed to adopt subsequent Master Agreements. Copies of the applicable successor Master Agreements are attached hereto and incorporated herein as **Exhibit D and Exhibit E**.

  **ANSWER:** Defendant admits to the allegations in Paragraph 10.

11. Defendant has not terminated the Memorandum of Agreement or any of the Master Agreements.

  **ANSWER:** Defendant admits to the allegations in Paragraph 11.

12. Defendant is bound to all of the Master Agreements. Exhibits C – E.

  **ANSWER:** Defendant admits to the allegations in Paragraph 12.

13. Pursuant to the Master Agreements, Defendant is required to make contributions to Plaintiff at the rates delineated in said Agreements, or as may be increased from time to time pursuant to the applicable wage addenda, when employees of Defendant perform work covered under the Master Agreements. Exhibits C – E.

  **ANSWER:** Defendant admits to the allegations in Paragraph 13.

14. Based upon information and belief, Defendant employed individuals who performed work covered under the Master Agreements for which fringe benefit contributions are owed (*i.e.*, "covered work").

  **ANSWER:** Defendant denies the allegations in Paragraph 14.

15. Pursuant to 29 U.S.C. §1145, Defendant is required to remit contributions in accordance with the terms and conditions of the Master Agreements and Plaintiff's trust agreement. *See* 29 U.S.C. §1145.

**ANSWER:** Defendant admits to the allegations in Paragraph 15.

16. Based upon information and belief, Defendant has, without good cause, failed to submit accurate copies of the required report forms and contributions during the period of May 1, 2020 through current despite its contractual obligations to do so, which makes it impossible for Plaintiff to know the full amount of Defendant's potential liability.

**ANSWER:** Defendant denies the allegations in Paragraph 16.

17. Plaintiff is unable to determine the full amount of contributions due, or to properly credit the accounts of Defendant's employees, as a result of Defendant's omissions, unless Defendant is made to submit the correct and complete report forms and contributions.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Plaintiff has the right to examine the payroll books and records of the Defendant to confirm the accuracy of Defendant's reporting of hours, and to determine whether the Defendant has paid Plaintiff all fringe benefit contributions owed. Exhibit A & Exhibits C – E.

**ANSWER:** Defendant admits to the allegations in Paragraph 18.

19. Plaintiff demanded that Defendant provide access to its relevant payroll and other business records for the purpose of conducting an audit, but Defendant has refused to provide Plaintiff with access to its payroll and other business records for the purpose of conducting an audit.

**ANSWER:** Defendant denies the allegations in Paragraph 19.

20. Defendant breached the provisions of the trust agreement by refusing to provide Plaintiff access to its payroll and other business records for the purpose of having a fringe

benefit compliance audit performed. Exhibit A.

**ANSWER:** Defendant denies the allegations in Paragraph 20.

21. Defendant breached the provisions of the Master Agreements by refusing to provide Plaintiff access to its payroll and other business records for the purpose of having a fringe benefit compliance audit performed. Exhibits C – E.

**ANSWER:** Defendant denies the allegations in Paragraph 21.

22. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiff, the Court shall award Plaintiff certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*      \*      \*
>
> (2)   In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A)   the unpaid contributions,
>
> (B)   interest on the unpaid contributions,
>
> (C)   an amount equal to the greater of –
>
> (i)   interest on the unpaid contributions, or
>
> (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)
>
> (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)   such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid

>contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.
>
>*See* §1132(g)(2) of ERISA.

    **ANSWER:** Defendant admits to the allegations in Paragraph 22.

23.    In addition to 29 U.S.C. 1132(g)(2), and pursuant to the terms of the Master Agreements and Plaintiff's trust agreement, Defendant may be liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit costs, and other reasonable expenses incurred by Plaintiff in the collection of delinquent contributions. Exhibit A and Exhibit C.

    **ANSWER:** Defendant admits to the allegations in Paragraph 23.

Respectfully submitted,

**Apropos Landscaping, Inc.**

/s/ Todd A. Miller
(ARDC #6216561)

Todd A. Miller (tam@alloccomiller.com)
Kathleen Cahill (kmc@alloccomiller.com)
ALLOCCO, MILLER & CAHILL, P.C.
*Attorney for Defendant*
20 N. Wacker Drive, Suite 3517
Chicago, Illinois 60606
TEL (312) 675-4325
FAX (312) 675-4326

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, *Defendant's Answer to Plaintiffs' Complaint*, with the Clerk of the Court using the CM/ECF system on this 15th day of July 2025, which will send notice of such filings to the following:

        Attorneys for the Plaintiffs:

        CRESSA E. WAGNER
        ARDC# 6350048
        CAVANAGH & O'HARA LLP
        2319 W. Jefferson Street
        Springfield, Illinois 62702
        Telephone: (217) 544-1771
        Facsimile: (217) 544-9894
        cressa@cavanagh-ohara.com

        /s/   *Todd A. Miller*

Attorneys for the Defendant:

Todd A. Miller *(tam@alloccomiller.com)*
Kathleen M. Cahill *(kmc@alloccomiller.com)*
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326